UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:13-cv-20902

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLGOIES LIMITED,<br><br>       Plaintiffs,<br><br>v.<br><br>TUMI, INC.,<br><br>       Defendant.<br><br>TUMI, INC.,<br><br>       Counterclaim Plaintiff,<br><br>v.<br><br>ARRIVALSTAR S.A., MELVINO TECHNOLGOIES LIMITED, and MCMAHON LAW FIRM, LLC,<br><br>       Counterclaim Defendants. | DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Now comes the Defendant and Counterclaim Plaintiff, Tumi, Inc., ("Tumi"), and hereby answers the Complaint [DE 1] of Plaintiffs and Counterclaim Defendants Arrivalstar S.A. and Melvino Technologies Limited (collectively, "Plaintiff" or "Arrivalstar") as follows:

Page 1 of 15

## NATURE OF THE LAWSUIT

1. Tumi admits Plaintiff has alleged Tumi infringes six patents it purports to own.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Admitted.

## THE PLAINTIFFS

5. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph five of the Plaintiff's Complaint and therefore denies them.

6. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph six of the Plaintiff's Complaint and therefore denies them.

## THE DEFENDANT

**7.** Tumi admits it is a New Jersey Corporation with a principal place of business for its U.S. Corporate Headquarters at the stated address. Tumi denies Plaintiff's baseless and frivolous allegations of infringement of any of the cited patents.

## THE PLAINTIFF'S PATENTS

8. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph eight of the Plaintiff's Complaint and therefore denies them.

9. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph nine of the Plaintiff's Complaint and therefore denies them.

10. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph ten of the Plaintiff's Complaint and therefore denies them.

11. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph eleven of the Plaintiff's Complaint and therefore denies them.

12. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph twelve of the Plaintiff's Complaint and therefore denies them.

13. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph thirteen of the Plaintiff's Complaint and therefore denies them.

14. Tumi is without information sufficient to form a belief as to the truth of the allegations in paragraph fourteen of the Plaintiff's Complaint and therefore denies them.

## COUNT I
## DIRECT PATENT INFRINGEMENT

15. Paragraph 15 of the Complaint merely seeks to incorporate previous paragraphs and therefore, Defendant reasserts each and every response in paragraph 1 through 14.

16. Denied.

17. Denied.

## COUNT II
## DIRECT PATENT INFRINGEMENT

18. Paragraph 18 of the Complaint merely seeks to incorporate previous paragraphs and therefore, Defendant reasserts each and every response in paragraph 1 through 17.

19. Denied.

20. Denied.

Tumi denies each and every allegation in the Plaintiff's Complaint that is not expressly admitted herein.

Tumi denies that Plaintiff is entitled to any of the remedies set for in its prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Tumi has not engaged in any acts that would constitute infringement of any valid and enforceable patent in suit.

### THIRD AFFIRMATIVE DEFENSE

The patents-in-suit are invalid for failure to comply with the statutory provisions for patentability and validity set forth in Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and 256.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting a scope for the claims of the asserted patents-in-suit that would cover any product made, used, sold and/or offered for sale by Tumi by representations, arguments, and/or amendments made during prosecution of the asserted patent before the PTO.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands in seeking to enforce a patent that Plaintiff knew upon information and belief to be invalid, unenforceable, and/or not infringed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any equitable relief or recovery because it has unclean hands.

ADDITIONAL AFFIRMATIVE DEFENSES

In addition to the foregoing Affirmative Defenses, Plaintiff's claims may be subject to additional Affirmative Defenses and, therefore, Tumi reserves the right to add such defenses upon completion of discovery.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Tumi's Counterclaims against the Counterclaim Defendants are as follows:

THE PARTIES

1. The Defendant/Counterclaim Plaintiff, Tumi, Inc. ("Tumi") is a New Jersey Corporation having a U.S. headquarters located at 1001 Durham Avenue, South Plainfield, New Jersey 07080.

2. The Plaintiff/Counterclaim Defendant, Arrivalstar S.A. ("Arrivalstar") is allegedly a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg.

3. The Plaintiff/Counterclaim Defendant, Melvino Technologies Limited ("Melvino") is allegedly a corporation organized under the laws of the British Virgin Islands of Tortola, British Virgin Islands.

4. The Counterclaim Defendant McMahon Law Firm, LLC ("McMahon") is a Florida limited liability company having an address at 21070 Sweetwater Lane North, Boca Raton, Florida 33428.

JURISDICTION AND VENUE

5. At least one of these counterclaim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§220l, et seq. The Complaint in this action alleges that Tumi has infringed the patent-in-suit, and gives rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

6. At least one counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

7. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338, 2201, and 2202.

8. This Court has personal jurisdiction over each Counterclaim Defendant as each Counterclaim Defendant either resides within this judicial district or has filed a number of lawsuits within this Court, voluntarily subjecting itself to jurisdiction within this Court.

9. Venue for this counterclaim in this district is proper under 28 U.S.C. § 1391, as these counterclaims arise from the Plaintiffs' Complaint.

## FACTUAL BACKGROUND

10. Upon information and belief, Arrivalstar and Melvino are non-practicing entities (NPE), *i.e.,* corporate entities having minimal or no real assets, owning and/or licensing a portfolio of intellectual property, including U.S. Patent Nos. 6,714,859; 6,952,645; 7,030,781; 7,400,970; 6,904,359; and, 6,486,801 (the "Patents") alleged in this lawsuit.

11. According to PACER, Arrivalstar and Melvino have filed over 340 patent infringement lawsuits against at least as many defendants over the past seven years, most involving the Patents; and upon information and belief, hundreds of additional defendants have received threatening demands or cease and desist letters, regarding the same.

12. Upon information and belief, Arrivalstar and Melvino have created a business model around knowingly filing frivolous and meritless complaints of patent infringement against businesses, municipalities and individuals with *de minimis* or no pre-filing investigation, claim chart preparation, comparison of the accused products or services to such patent claims, or the like.

13. Upon information and belief, Arrivalstar and Melvino have created such business model with the malicious intent to extort a substantial amount of money from the accused defendants as a settlement or license fee; such substantial amount of money being carefully selected by Arrivalstar and Melvino to be significantly less than the average cost of hiring an attorney to file dispositive motions and argue the same.

14. Upon information and belief, in many instances, including the present lawsuit, Arrivalstar and Melvino have filed the Complaint for patent infringement with full and actual knowledge of non-infringement on behalf of Tumi or the accused products and services offered by Tumi.

15. Notwithstanding such actual knowledge of noninfringement, Arrivalstar and Melvino have maintained their efforts to misuse the Patents in efforts to impermissibly and inappropriately broaden the scope of protection afforded by the Patents in this lawsuit.

<u>COUNT I</u>
<u>(DECLARATORY JUDGEMENT OF NON-INFRINGEMENT)</u>

16. Tumi repeats and re-alleges Paragraphs 1 through 15 above, as though fully set forth herein.

17. Tumi has not directly infringed and does not directly infringe any or all of the claims of the Patents under 35 U.S.C. § 271 (a) as alleged by Plaintiffs.

18. Tumi has not actively induced and does not actively induce the infringement of any or all of the claims of the Patents under 35 U.S.C. § 271 (b) as alleged by Plaintiff.

19. Tumi has not contributed to and does not contribute to the infringement of any or all of the claims of the Patents under 35 U.S.C. § 271 as alleged by Plaintiff.

20. Tumi is therefore entitled to a declaratory judgment that Tumi does not directly or indirectly infringe any or all of the claims of the Patents and to such further injunctive relief as may be just and proper.

## COUNT II
## (DECLARATORY JUDGEMENT OF PATENT INVALIDITY)

21. Tumi incorporates the allegations set forth in paragraphs 1 through 20 above by reference as if fully set forth herein.

22. The Patents are invalid for failure to comply with the statutory provisions for patentability and validity set forth Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102,103,112,1l5, 116 and 256.

23. Tumi is therefore entitled to a declaratory judgment that some or all of the claims of the Patents are invalid and to such further relief as may be just and proper.

## COUNT III
## (MONOPOLIZATION AND ATTEMPTED MONOPOLIZATION)

24. Tumi incorporates the allegations set forth in paragraphs 1 through 23 above by reference as if fully set forth herein.

25. Arrivalstar and Melvino have actual knowledge that the accused Tumi products and/or services do not infringe any of the claims of the Patents.

26. The facts described in the foregoing paragraphs, including Arrivalstar and Melvino's failure to investigate their claims in good faith, render their infringement action against Tumi both objectively and subjectively baseless, as no reasonable litigant could reasonably expect success on the merits and they filed their infringement claims without regard for their accuracy or validity.

27. For antitrust purposes, the relevant product market is the market for shipping retail products purchased through an online retail store, and notifying a customer of the anticipated delivery date of the same.

28. Based upon the assertions by Arrivalstar and Melvino, and the assertion that they are the owners of all online order tracking technology, they are direct competitors with Tumi who provides online order tracking.

29. Upon information and belief, in bringing and/or maintaining its allegations of infringement against Tumi, Arrivalstar and Melvino was/are motivated by an intent to interfere directly with Tumi's business relationships through the use of the litigation, by precluding, delaying, and/or multiplying the costs of Tumi's entry into the relevant market rather than being motivated by the outcome of the litigation. Arrivalstar and Melvino's baseless lawsuit conceals an attempt to interfere directly with Tumi's business relationships.

30. Upon information and belief, Arrivalstar and Melvino have attempted to exclude Tumi's accused product/service from the marketplace. Tumi's accused product/service does not infringe the claims of the Patents, and Arrivalstar and Melvino have actual knowledge that Tumi's accused product/service does not infringe any claim of the Patents.

31. Upon information and belief, Arrivalstar and Melvino engaged in the anticompetitive acts against Tumi described in the foregoing paragraphs, with the specific intent to obtain and maintain dominant market position and monopoly power in the relevant market.

32. Upon information and belief, Arrivalstar and Melvino engaged in the predatory and anticompetitive acts described in the foregoing paragraphs, in furtherance of their intent to restrict entry into the relevant market and improperly perpetuate their monopoly.

33. The unlawful activities alleged above constitute monopolization or attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C § 2, *et seq.*

34. As a result of Arrivalstar and Melvino's anticompetitive conduct, objectively baseless, and improperly motivated pursuit of litigation

against Tumi, Tumi is being forced to expend unjustified costs, including the costs of its legal defense, by virtue of Arrivalstar and Melvino's anti-competitive conduct which constitutes sham litigation and patent misuse. Thus, by reason of Arrivalstar and Melvino's unlawful actions, Tumi has been, and will continue to be, injured in its business and its property.

35. The injury Tumi has suffered as a result of Arrivalstar and Melvino's attempt to monopolize constitutes antitrust injury, for which Tumi is entitled to recover treble the damages that it has sustained (including costs and attorneys' fees incurred in connection with Plaintiffs' sham litigation and patent misuse).

## COUNT IV
### (COMBINATION AND CONSPIRACY IN RESTRAINT OF TRADE)

36. Tumi incorporates the allegations set forth in paragraphs 1 through 35 above by reference as if fully set forth herein.

37. Upon information and belief, Arrivalstar and Melvino combined and conspired in restraint of trade to engage in a concerted effort to delay and prevent competition in the relevant market as alleged in the foregoing paragraphs, thereby perpetuating Arrivalstar and Melvino's monopoly power in the relevant market.

38. Upon information and belief, the above alleged unlawful acts of Arrivalstar and Melvino in restraint of trade had a direct and substantial effect on interstate commerce by delaying, limiting, and preventing competition.

39. Upon information and belief, the above-alleged acts by Arrivalstar and Melvino unreasonably restrained trade and completion in the relevant market.

40. The unlawful activities above constitute conspiracy and combination in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, *et seq.*

41. As a result of Arrivalstar and Melvino's anticompetitive conduct, Tumi is being forced to expend unjustified costs, including the costs of its legal defense. Thus, by reason of Arrivalstar and Melvino's unlawful actions, Tumi has been, and will continue to be, injured in its business and its property.

42. The injury Tumi has suffered as a result of the combination and conspiracy in restraint of trade constitutes antitrust injury, for which Tumi is entitled to recover treble the damages that it has sustained (including costs and attorney's fees incurred in connection with Arrivalstar and Melvino's sham litigation).

<u>COUNT V</u>
<u>(CIVIL VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. §1862)</u>

43. Tumi incorporates the allegations set forth in paragraphs 1 through 42 above by reference as if fully set forth herein.

44. Upon information and belief, Arrivalstar and Melvino, through the assistance, direction, and facilitation of McMahon, under the guise of an attorney-client relationship, have engaged in a pattern of acts, *i.e.,* the filing of over 340 meritless patent infringement lawsuits over the past seven years, most of such acts involving a malicious attempt to compel the accused defendants to pay a substantial amount of money for an unnecessary license to one or more Patents to avoid the significant cost of defending against a frivolous patent infringement lawsuit; such acts amounting to extortion under Florida law (Fla.Stat. §836.05).

45. Upon information and belief, such acts of extortion have resulted in the profiting by each of Arrivalstar, Melvino, and McMahon by such activity through a structured and mutually beneficial arrangement between them.

46. Upon information and belief, such repeated and malicious acts of extortion were done intentionally and deliberately, in connection with an

overall business model created by Arrivalstar, Melvino, and McMahon, and the present attempt to extort Tumi is similarly done deliberately and intentionally by Arrivalstar, Melvino, and McMahon.

47. Upon information and belief, and in light of the fact that over 50 frivolous patent infringement lawsuits have been filed on behalf of Arrivalstar and Melvino in 2013 alone (*i.e.,* within the first four months of the year), many of which were filed by McMahon, Arrivalstar, Melvino, and McMahon will continue their pattern of extortion through the intentional filing of frivolous lawsuits with the intent to obtain substantial sums of money.

48. These aforementioned acts by Arrivalstar, Melvino, and McMahon constitute "racketeering activity" as defined by 18 U.S.C. 1961. In addition, the collusion, conspiracy and commission of such racketeering activity by Arrivalstar, Melvino, and McMahon render such collective group an "enterprise" as defined by the same statute.

49. Such actions by Arrivalstar, Melvino, and McMahon constitute a violation of 18 U.S.C. 1962 (b), (c) and (d).

50. As such, under 18 U.S.C. 1964(c), Tumi is entitled to treble damages and attorneys' fees as a result of such acts.

## PRAYER FOR RELIEF

WHEREFORE, Tumi prays for the following relief:

A.  That Judgment be entered in favor of Tumi and against Arrivalstar and Melvino on each and every count of the Complaint and on each and every count of its Counterclaims;

B.  That Judgment be entered declaring that the accused Tumi products/services do not infringe the claims of the Patents;

C.  That Judgment be entered declaring that Arrivalstar and Melvino are equitably estopped from alleging infringement of the Patents;

    D.    That Judgment be entered declaring that Arrivalstar and Melvino are precluded from obtaining injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by Tumi;

    E.    That Judgment be entered declaring the claims of the Patents invalid;

    F.    That Judgment be entered declaring the claims of the Patents unenforceable;

    G.    That Judgment be entered permanently enjoining and restraining Arrivalstar and Melvino, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from stating, implying, or suggesting that Tumi and its products infringe the patent-in-suit;

    H.    That Judgment be entered declaring that Arrivalstar and Melvino have violated Sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. §§ 1 and 2) and awarding Tumi damages (including costs and reasonable attorneys' fees) and that such damages be trebled;

    I.    That Judgment be entered declaring that this case is exceptional in favor of Tumi under 35 U.S.C. § 285 and that Tumi be awarded its reasonable attorneys' fees and expenses;

    J.    That Judgment be entered declaring that Arrivalstar, Melvino and McMahon have violated the Racketeer Influenced And Corrupt Organizations Act (RICO), and in particular, 18 U.S.C. §§ 1962(b), (c) and (d), and that Tumi be awarded treble damages and attorney's fees under 18 U.S.C. § 1964(c);

    K.    That Tumi be awarded punitive damages in an amount to be determined by the Court, but not less than $500,000.00, for Arrivalstar, Melvino and McMahon's deliberate and willful acts;

    L.    That Tumi be awarded its costs in this action; and

    M.    That Tumi be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Tumi demands a trial by jury of all issues so triable in this action.

Date: May 3, 2013                                        Respectfully submitted,

                              By: /s/ Brian Perreault
                                  Brian J. Perreault, Esq.
                                  FBN: 89193
                                  Lydecker Diaz
                                  1221 Brickell Avenue – 19th Floor
                                  Miami, Florida  33131
                                  bp@lydeckerdiaz.com
                                  *Attorney for Defendant and Counterclaim Plaintiff*

                              and

                            By: /s/ Jon Fallon    /
                                  Jon Fallon, Esq.
                                  Mandelbaum Salsburg, P.C.
                                  155 Prospect Avenue
                                  West Orange, NJ 07052
                                  jfallon@msgld.com
                                  *Admitted in New Jersey*
                                  *Pro Hoc Vice Admission (to be filed)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of May, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically transmit notice of the same to all counsel.

By: /s/Brian Perreault
BRIAN PERREAULT, ESQ.